FILED
2019 Sep-30 PM 04:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FRANZ CESAR, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 4:19-cv-00531-AKK-JHE |
| JONATHAN HORTON, et al., | ) ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on August 6, 2019, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. Doc. 12. The petitioner, through counsel, has filed timely objections. Doc. 13.

The petitioner first objects to the characterization of the claim as a constitutional challenge, asserting that it is primarily a statutory challenge. Doc. 13 at 3. The petitioner claims if his detention is pursuant to 8 U.S.C. § 1226(a), he is entitled to an immediate bond hearing, and if it is pursuant to 8 U.S.C. § 1231 he is entitled to immediate release, or alternatively, a bond hearing. *Id.*, at 4. However, because the petitioner previously received a bond hearing pursuant to § 1226, this court cannot reverse or revisit that denial of bond. *See* 8 U.S.C. § 1226(e). And because the petitioner has obtained a stay of removal from the Second Circuit, the

six month presumptively reasonable removal period under *Zadvydas v. Davis*, 533 U.S. 678 (2001), has been halted. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n. 4 (11th Cir. 2002). Thus, neither § 1226 nor § 1231 entitle the petitioner to an immediate bond hearing or release. This objection is overruled.

The petitioner next asserts that although he agrees with the report and recommendation finding that he is subject to an administratively final order of removal, he contends that his detention became governed by § 1226 rather than § 1231 when the Second Circuit granted his stay of removal. Doc. 13 at 4 – 5. The petitioner then asserts that the report and recommendation "does not include a finding on this pivotal question—whether he is currently in the removal period." Doc. 13 at 5. This contention is belied by the report and recommendation, which notes that, in this Circuit, a stay of removal suspends the time period set forth by § 1231(a)(1).[1] *See* doc. 12 at 4–5; *see also Linares v. Department of Homeland Sec.*, 598 F. App'x 885, 887 n. 2 (11th Cir. 2015); *Davis v. Rhoden*, 2019 WL 2290654 * 6-7 (S.D.Fla. 2019); *Deacon v. Shanahan*, 2016 WL 1688577, *5 (N.D. Ala. 2016); *Harrison v. Holder*, 2012 WL 4479258, *4 (N.D. Ala. 2012); *Guentangue v.*

---

[1] The petitioner's arguments conflate a "final order of removal" and the "removal period." Section 1226, by its terms, applies only prior to entry of a "final order of removal." For § 1226 to re-apply after entry of a final order of removal, based on the petitioner's decision to seek review in a circuit court, requires an implicit finding that the Order of Removal pending before a circuit court is no longer final. And without that finality, the need to obtain a stay of removal becomes superfluous.

*Bateman*, 2006 WL 3361428, *4 (S.D. Ala. 2006). Based on Eleventh Circuit precedent, this objection is overruled.

The petitioner next asserts that he is asking this court to consider other forms of relief which are available, rather than to review his bond denial:

> Mr. Cesar is not asking this Court to review the IJ's November 2015 bond denial. Rather, he implores this Court to conduct an independent analysis of the legality of his continued detention based on the current factual record . . . . At the time he received a bond hearing, Mr. Cesar's removal case was still pending before the agency, and he had been detained for about seventeen months . . . Moreover, during his bond hearing and prior habeas, it appears that the parties and adjudicators all erroneously assumed that Mr. Cesar's conviction record subjected him to mandatory detention under 8 U.S.C. § 1226(c), when in fact his detention was (and continues to be) governed by the discretionary pre-removal period detention provision, Section 1226(a) . . . .

Doc. 13 at 6. But, as previously stated, because a final order of removal was entered, the petitioner's detention is pursuant to § 1231. Moreover, the petitioner fails to identify what form of relief, if any, this court can provide. He states only that "[t]his Court has the authority to conduct a swift, independent inquiry into Mr. Cesar's claims that his over-five-year detention violates the INA and the U.S. Constitution, and the Court has the power and the discretion to craft the appropriate remedy – including but not limited to a bond hearing before an IJ . . . ." Doc. 13 at 6. Unfortunately, the case law and circuit precedent disagree with the petitioner.

Finally, the petitioner objects to the report and recommendation finding that the Second Circuit's stay of removal halted the "presumptive removal period." Doc. 13 at 7. The petitioner asserts this finding misinterprets *Akinwale,* which has been "undermined by Eleventh Circuit precedent and persuasive authority." *Id*. But the Eleventh Circuit vacated the decision the petitioner cites in support of this point, *Sopo v. U.S. Attorney General*, 825 F.3d 1199 (11th Cir. 2016), *vacated as moot*, 890 F.3d 952 (11th Cir. 2018), and *Akinwale* remains the law this court must apply. And because *Sopo* did not address post-removal order detention, any vestige of *Sopo* is not relevant to this matter before the court.

To close, the petitioner's assertion that the Second Circuit's stay order does not stop the six month clock of the presumptively reasonable removal period, doc. 13 at 8, is undermined by *Akinwale* and its progeny. While other Circuits may have decided this issue differently, *see e.g., Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008),[2] this court is bound by Eleventh Circuit precedent, which states that when

---

[2] In that case, the Ninth Circuit stated:

> We ... hold that § 1231(a) does not provide authority to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review. Such aliens may be detained, however, pursuant to §1226(a), which allows the Attorney General to detain any alien "pending a decision on whether the alien is to be removed from the United States."

*Prieto-Romero*, 534 F.3d at 1059.

the petitioner filed a motion to stay in the Second Circuit, the presumptively reasonable removal period ceased to run.

After a *de novo* consideration of the entire file in this action, including the report and recommendation and the petitioner's objections thereto, the court **OVERRULES** the petitioner's objections, **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

A separate order will be entered.

**DONE** the 30th day of September, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE